Fletcher, J.
This is a writ of error to reverse a judgment of the court of common pleas rendered on an award of arbitrators. The award was made under a submission to arbitrators, by agreement of the parties before a justice of the peace, under and by virtue of the Rev. Sts. c. 114, on a claim for damages made by Henderson, the plaintiff in error, against the defendant in error, for the flowing of his land by the dam of the defendants, erected by them to raise water for working their mill.
The power of the arbitrators, to make an award upon which a judgment of the court can be rendered, depends wholly on *612 the statute. The jurisdiction of the arbitrators is a special jurisdiction created entirely by statute, and can be sustained only when the proceedings are within the provisions of the statute. By the first section of the Rev. Sts. c. 114, it is provided, that “ all controversies which might be the subject of a personal action at law, or of a suit in equity, may be submitted to the decision of one or more arbitrators, in the manner provided in this chapter.” The statute then makes provision, in regard to the agreement to be entered into by the parties, and in regard to the certificate to be subjoined thereto by the justice. The fourth section provides, that, “ no such agreement to submit all demands shall include any demands but such as might be the subject of a personal action"at law or of a suit in equity.”
It is, therefore, too clear for question, that under and by virtue of the provisions of this act, no demand or subject of controversy can be submitted to arbitration, but such as might be the subject of a personal action at law or of a suit in equity. The submission in this case was under and by virtue of the provisions of this act. Was the matter submitted such as might be the subject of a personal action at law or of a suit in equity ? Most clearly it was not. Damage for flowing land can be recovered only in the mode provided by the statute. Such damage is not the subject of a suit at law or in equity, but of a particular statutory mode of redress which is provided by the Rev. Sts. c. 116, § 30, and which must be pursued. The demand, therefore, in this case, was one which could not be submitted under the statute. The whole proceedings consequently were erroneous.
The position, that the remedy by writ of error is taken away by statute, cannot be maintained. The statute of 1840, c. 87, gives the right of appeal, and repeals so much of the thirteenth section of the Rev. Sts. c. 114, as prohibited an appeal, but does not take away the writ of error. The appeal was intended “ to operate as a cheap, prompt, and summary writ of error,” but by no means to take away the right to maintain a writ of error in common form.

Judgment reversed.